2026 IL App (1st) 241580

FIRST DISTRICT,
SIXTH DIVISION
August 7, 2026

No. 1-24-1580

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 19 CR 0895201 |
| | ) | |
| RICHARD RAMIREZ, | ) | Honorable |
| | ) | Domenica A. Stephenson, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE GAMRATH delivered the judgment of the court, with opinion.
Presiding Justice C.A. Walker and Justice Pucinski concurred in the judgment and opinion.

**OPINION**

¶ 1    On October 19, 2018, defendant Richard Ramirez was alone in his bedroom with his wife's great-granddaughter, eight-year-old N.E. N.E. later disclosed that Ramirez had touched her inappropriately. Ramirez was charged with one count of predatory criminal sexual assault of a child (PCSA) (720 ILCS 5/11-1.40(a)(1) (West 2018)) and four counts of aggravated criminal sexual abuse (ACSAb) (*id.* § 11-1.60(c)(1)(i)). Following a jury trial, he was convicted on all counts and sentenced to an aggregate term of 35 years' imprisonment.

¶ 2    Ramirez appeals his conviction for PCSA, arguing (1) the State failed to prove him guilty beyond a reasonable doubt and (2) improper jury instructions and misstatements during closing argument misinformed the jury regarding the elements of PCSA, thereby denying him a fair trial. We agree the latter violated his due process rights, compelling us to reverse and remand for a new trial. While this decision will undoubtedly reopen painful memories for N.E., the law requires us

to act where the right to a fair trial is compromised.

¶ 3                                    I. BACKGROUND

¶ 4         On July 3, 2019, the State charged Ramirez with one count of PCSA of a child and four

counts of ACSAb. The PCSA count alleged that Ramirez, age 17 or older, knowingly committed

an act of "sexual penetration upon N.E., to wit: contact between Richard Ramirez's hand and

N.E.'s sex organ, for the sexual gratification or arousal of N.E. or Richard Ramirez and N.E. was

under thirteen (13) years of age."

¶ 5         The facts presented at trial detail graphically how Ramirez, for months, sexually abused

his great-granddaughter N.E., who was between 8 and 9 years old, and allegedly abused his

granddaughter too, beginning when she was 10. The evidence showed N.E. was often forced to

massage and scratch Ramirez's back, during which he would touch her inappropriately, in an

abhorrent and reprehensible way. The PCSA charge at issue here stems from an incident that

occurred on October 19, 2018, in which Ramirez began touching N.E. after she finished scratching

his back as he lay on the bed. N.E. explained that Ramirez touched her chest under her clothing

with his hands, then touched and rubbed her vagina under her clothes using the palm of his hand.

Ramirez attempted to make her touch his penis by placing her hand over it, both inside and outside

his underwear. N.E. pulled away and left the room. She went to the bathroom and cried. N.E.'s

statements were corroborated by witness Diashina Cox and admissions Ramirez made to his

granddaughter Brianna.

¶ 6         Critical to this appeal are the PCSA charge, the corresponding jury instructions, and the

closing argument presented by the State.

¶ 7         During a conference after the close of evidence, the State tendered this jury instruction

defining sexual penetration pursuant to Illinois Pattern Jury Instructions, Criminal, No. 11.65E

(approved Dec. 8, 2011): "The term 'sexual penetration' means any contact, however slight,

between the sex organ or anus of one person and an object." This colloquy occurred:

"THE COURT: People's Instruction No. 20 is IPI 11.65E. That's given, no objection. There was discussion about an object. State, I don't know if you wanted to put anything on the record.

[ASA]: Judge, after speaking with counsel and [*sic*] he's not going to argue that a hand or a finger is not an object, which would be in conflict with both the case law and the IPI committee notes, I have no—

THE COURT: No further—

[ASA]: No further objection or any comments I need to make about it.

THE COURT: Okay. Is there anything you want to say, Mr. Drwencke, about that?

[DEF. COUNSEL]: I'm not going to make that argument."

¶ 8    In closing, the State read the PCSA instruction as follows: "A person commits the offense of predatory criminal sexual assault of a child when he's 17 years of age or older and knowingly commits an act of sexual penetration and the victim is under 13 years of age." It argued further:

"To sustain the charge of predatory criminal sexual assault of a child, the State must prove the following propositions: First proposition, that the defendant knowingly committed sexual penetration with [N.E.]; and, second proposition, that the defendant was 17 years of age or older when the act was committed; and, third proposition, that [N.E.] was under 13 years of age when the act was committed."

¶ 9    The State argued, "Much of the first proposition [for PCSA] is similar to the aggravated criminal sexual abuse except that in[stead of] sexual conduct, what we're looking for is sexual penetration." That is, "any contact however slight between the sex organ or anus of one person and an object." The State continued:

"Under the law, penetration does not mean insertion or intrusion. The standard that

we're looking for is any contact, however slight.

I also want to point out that object under the law in this definition means any part of the defendant's body, meaning his hand. His hand would fit into the definition of object."

¶ 10     Despite the clarity of Illinois law, defense counsel did not address the elements of PCSA or argue that a hand is not an object under the statutory definition of sexual penetration. See *People v. Maggette*, 195 Ill. 2d 336, 350 (2001) (neither a finger nor hand is an object for purposes of the contact clause of the statutory definition of sexual penetration). Instead, defense counsel argued to the jury that the allegations were "lies, exaggerations, things that did not happen, could not have happened."

¶ 11     Ramirez was found guilty on all counts and sentenced to 35 years' imprisonment. He now appeals the PCSA conviction.

¶ 12                                        II. ANALYSIS

¶ 13     Ramirez contends (1) the evidence was insufficient to establish his guilt of PCSA beyond a reasonable doubt, and (2) erroneous jury instructions and statements made by the State during closing arguments misled the jury regarding the elements of PCSA, thereby denying him a fair trial. We begin by considering the second claim.

¶ 14                        A. Jury Instructions and Closing Argument

¶ 15     Ramirez argues that his PCSA conviction must be reversed because the jury received an incorrect definition of sexual penetration, which the State repeated in closing argument. We agree and stress that this recurring error in PCSA cases cannot be tolerated. The State must ensure that charging instruments and jury instructions accurately reflect the law. Defense counsel must demand precise jury instructions and accurate definitions of offense elements to ensure effective representation. Trial courts have a duty to reject instructions that misstate legal standards, regardless of defense counsel's objections. The integrity of the judicial process demands that juries

be properly instructed on the elements of the offense. Only then can jurors fulfill their constitutional role. See *People v. Williams*, 181 Ill. 2d 297, 318 (1998).

¶ 16   The State charged Ramirez with PCSA under section 11-1.40(a)(1) of the Criminal Code of 2012 (Code) (720 ILCS 5/11-1.40(a)(1) (West 2018)) by knowingly committing an act of "sexual penetration" upon N.E. by "contact between [his] hand and N.E.'s sex organ, for the sexual gratification or arousal of N.E. or [Ramirez]" when N.E. was under 13. Section 11-1.40(a)(1) provides:

> "A person commits predatory criminal sexual assault of a child if that person is 17 years of age or older, and commits an act of *contact*, however slight, between the sex organ or anus of one person and the part of the body of another for the purpose of sexual gratification or arousal of the victim or the accused, *or an act of sexual penetration*" and "the victim is under 13 years of age." (Emphases added.) *Id.*

¶ 17   Sexual penetration means

> "any contact, however slight, between the sex organ or anus of one person and an object or the sex organ, mouth, or anus of another person, or any intrusion, however slight, of any part of the body of one person or of any animal or object into the sex organ or anus of another person." *Id.* § 11-0.1.

Thus, the definition of sexual penetration contemplates two categories of conduct: (1) any contact between the sex organ or anus of one person by an object, the sex organ, mouth, or anus of another person, and (2) any intrusion of any body part of one person or of any animal or object into the sex organ or anus of another person.

¶ 18   In this case, the State charged Ramirez with PCSA based on contact between his hand and N.E.'s sex organ for sexual gratification or arousal. However, it did not argue sexual gratification or arousal at trial, nor advance any theory of intrusion. This was underscored during closing

argument, when the State advised the jury that sexual penetration means "any contact however slight between the sex organ or anus of one person and an object *** Under the law, penetration does not mean insertion or intrusion. The standard that we're looking for is any contact, however slight."

¶ 19 The State then went further, explaining that "object under the law in this definition means any part of the defendant's body, meaning his hand. His hand would fit into the definition of object."This contention is plainly incorrect. Neither a hand nor a finger constitutes an "object" for purposes of the contact clause of sexual penetration under section 11-1.40(a)(1). The Illinois Supreme Court has made clear that "object" in the "contact clause" of the statutory definition of sexual penetration does not include body parts. *Maggette*, 195 Ill. 2d at 350. The State's argument was erroneous, and defense counsel's acquiescence, both in inviting the misstatement and in failing to object, amounted to ineffective assistance of counsel.

¶ 20 Under the doctrine of invited error, a party who affirmatively agrees to a course of action at trial cannot later claim it was wrong. See *People v. Carter*, 208 Ill. 2d 309, 319 (2003). Here, defense counsel explicitly told the judge that he had no objection to the jury instructions and would not argue that a hand is not an object under the statute, even though this contradicts established case law. By acquiescing and not objecting to the State's argument, counsel invited the erroneous instruction. See *People v. Bush*, 214 Ill. 2d 318, 332 (2005); *People v. Schmitt*, 131 Ill. 2d 128, 137 (1989); *People v. Rigg*, 2024 IL App (2d) 230136-U, ¶ 72. Nonetheless, even when an error is invited, a defendant may still raise a claim of ineffective assistance of counsel on that issue. See *People v. Villarreal*, 198 Ill. 2d 209, 227-28 (2001); *People v. Henderson*, 2017 IL App (1st) 142259, ¶ 210; *Rigg*, 2024 IL App (2d) 230136-U, ¶ 73.

¶ 21 Both the United States and Illinois Constitutions guarantee the right to effective assistance of counsel to ensure a fair trial. See U.S. Const., amend. VI; Ill. Const. 1970, art. I, § 8. The focus

of an ineffective assistance claim is the fundamental fairness of the proceedings. *Strickland v. Washington*, 466 U.S. 668, 696 (1984). To prevail on such a claim, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability the outcome would have been different but for counsel's errors. *Id.* at 688, 694. Failure to meet either prong defeats the claim. *People v. Logan*, 2024 IL 129054, ¶ 83.

¶ 22 Regarding the first *Strickland* prong, we consider whether the State's instruction defining sexual penetration and "object" was legally correct. As noted above, it was not. A finger or hand is not an object under Illinois law. See *Maggette*, 195 Ill. 2d at 350. The court erred in allowing the State to mislead the jury by stating otherwise, even though defense counsel invited the error.

¶ 23 We reject the State's contention that defense counsel's decision not to raise the issue was a product of sound trial strategy. By not objecting to the erroneous instruction and the State's closing argument, defense counsel relieved the State of proving either contact with an object, or intrusion, or that contact between N.E.'s sex organ and Ramirez's hand was for sexual gratification or arousal, as required under section 11-1.40(a)(1) of the Code. 720 ILCS 5/11-1.40(a)(1) (West 2018). Instead, it required only proof of slight contact between his hand and her sex organ, which alone does not meet the definition of sexual penetration under section 11-0.1. *Id.* § 11-0.1.

¶ 24 Regarding the second *Strickland* prong, a defendant may demonstrate prejudice by showing that counsel's deficient performance rendered the result of the trial unreliable or the proceedings fundamentally unfair. *People v. Jackson*, 205 Ill. 2d 247, 259 (2001). "Fundamental fairness requires the trial court to give correct instructions on the elements of the offense in order to insure a fair determination of the case by the jury." *Williams*, 181 Ill. 2d at 318. Prejudice is presumed to exist when the jury instructions contain an error regarding an essential element of the offense. *People v. Hartfield*, 2022 IL 126729, ¶ 59. Where such an error is present, "the jury cannot perform its constitutional function." *People v. Jenkins*, 69 Ill. 2d 61, 66 (1977).

¶ 25    In *Rigg*, 2024 IL App (2d) 230136-U, *People v. James*, 331 Ill. App. 3d 1064 (2002), and *People v. Hobbs*, 2022 IL App (4th) 210471-U, the defendants were found guilty of PCSA based on allegations that they touched a minor's vagina with their fingers. *Rigg*, 2024 IL App (2d) 230136-U, ¶¶ 6, 62; *James*, 331 Ill. App. 3d at 1065; *Hobbs*, 2022 IL App (4th) 210471-U, ¶ 5. Each jury was instructed on the contact clause of sexual penetration, rather than the intrusion clause, without objection from defense counsel. *Rigg*, 2024 IL App (2d) 230136-U, ¶ 60; *James*, 331 Ill. App. 3d at 1068; *Hobbs*, 2022 IL App (4th) 210471-U, ¶ 27. All three cases found the improper instruction made the trials fundamentally unfair and reversed the convictions. *Rigg*, 2024 IL App (2d) 230136-U, ¶ 81; *James*, 331 Ill. App. 3d at 1068-69; *Hobbs*, 2022 IL App (4th) 210471-U, ¶¶ 27, 32. *Rigg* and *James* also ordered new trials. *Rigg*, 2024 IL App (2d) 230136-U, ¶ 116; *James*, 331 Ill. App. 3d at 1071.

¶ 26    Likewise, the instructions here, combined with defense counsel's acquiescence to the State's closing argument that a hand constitutes an object, rendered the trial fundamentally unfair. The courts in *James*, *Hobbs*, and *Rigg* expressed "utter bewilderment" at the errors displayed, repeatedly questioning why the parties proposed, and the courts accepted, instructions that affirmatively misstated the law. See *Rigg*, 2024 IL App (2d) 230136-U (citing *James*, 331 Ill. App. 3d at 1069, and *Hobbs*, 2022 IL App (4th) 210471-U, ¶ 31). We echo that sentiment here and strongly urge both the parties and the courts to refrain from perpetuating the same avoidable mistake in cases of such gravity. Despite the evidence at trial showing Ramirez's reprehensible conduct, we are compelled to conclude that Ramirez received ineffective assistance of counsel. Although Ramirez was charged with PCSA based on sexual penetration, specifically, contact between his hand and N.E.'s sex organ for the purpose of sexual gratification or arousal, the jury was never instructed with the correct legal standard to apply to those facts. As a result, his conviction for PCSA must be reversed.

¶ 27                    B. Sufficiency of Evidence

¶ 28        Although we reverse Ramirez's conviction based on ineffective assistance of counsel, we must address his sufficiency of evidence claim to ensure no double jeopardy bar to retrial. *People v. Lopez*, 229 Ill. 2d 322, 367 (2008). Upon review, we conclude that double jeopardy does not apply, as the evidence is amply sufficient for a jury to convict Ramirez of PCSA.

¶ 29        "Due process requires proof beyond a reasonable doubt in order to convict a criminal defendant." *People v. Ross*, 229 Ill. 2d 255, 272 (2008). When reviewing the sufficiency of evidence, "the question is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *People v. McLaurin*, 2020 IL 124563, ¶ 22 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

¶ 30        To obtain a conviction for PCSA as charged, the State was required to prove that Ramirez was 17 years of age or older, that N.E. was under 13, and that Ramirez "committed an act of sexual penetration upon N.E., to wit: contact between Richard Ramirez's hand and N.E.'s sex organ, for the sexual gratification or arousal of N.E. or Richard Ramirez." 720 ILCS 5/11-1.40(a)(1) (West 2018). Ramirez does not dispute the age elements. He challenges only the sufficiency of evidence establishing the alleged contact.

¶ 31        Viewed in the light most favorable to the State, the evidence was amply sufficient for a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. See *Lopez*, 229 Ill. 2d at 367. N.E. testified that Ramirez used the palm of his hand to touch, rub, and squeeze the skin of her vagina beneath her clothing. In her forensic interview with the Chicago Children's Advocacy Center (CCAC), she stated that Ramirez put his hand inside her underwear and touched her "private part," describing contact "all over." She also disclosed the conduct to her mother and hospital staff shortly afterwards, and two witnesses, Cox and Brianna, corroborated

her account.

¶ 32    A rational fact finder could further infer sexual gratification from N.E.'s statement during the CCAC interview that Ramirez was breathing heavily while touching her and while attempting to make her touch him. See *People v. Soto*, 2022 IL App (1st) 201208, ¶ 135 (sexual gratification may be established by circumstantial evidence such as heavy breathing or placing the victim's hand on the defendant's genitals). And although the State did not argue sexual penetration based on intrusion, there is enough in the record to reasonably believe there was intrusion into N.E.'s body opening by Ramirez's hand, no matter how slight. See *People v. Hillier*, 392 Ill. App. 3d 66, 69 (2009) (a jury may infer penetration from testimony that the defendant "rubbed," "felt," or "handled" the victim's vagina, unless the victim affirmatively denies penetration). Under the totality of the evidence, a rational jury could have found the essential elements of PCSA beyond a reasonable doubt. We therefore find no double jeopardy impediment to retrial.

¶ 33                                III. CONCLUSION

¶ 34    Despite the severity and disturbing nature of the crime, which caused significant harm to N.E., Ramirez was entitled to a fair trial. Accordingly, we reverse the judgment of the circuit court of Cook County and remand for a new trial on the charge of PCSA of a child.

¶ 35    Reversed and remanded with directions.

*People v. Ramirez*, 2026 IL App (1st) 241580

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 19-CR-0895201; the Hon. Domenica A. Stephenson, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Philip D. Payne, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Eileen O'Neill Burke, State's Attorney, of Chicago (John E. Nowak, Douglas P. Harvath, and Tasha-Marie Kelly, Assistant State's Attorneys, of counsel), for the People. |